IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 27, 2010 Session

## ELMER ELLIOTT, JR. v. PEARL ELLIOTT, ET AL.

**Direct Appeal from the Chancery Court for Gibson County**
**No. 18,830    George R. Ellis, Chancellor**

**No. W2010-00302-COA-R3-CV - Filed August 10, 2010**

Plaintiff appeals the trial court's award of summary judgment to Defendants. We dismiss the appeal for the failure to appeal a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Bill R. Barron, Trenton, Tennessee, for the appellant, Elmer Elliott, Jr.

C. Mark Donahoe and Magan N. White, Jackson, Tennessee, for the appellee, Pearl Elliott and Robert Elliott.

## OPINION

This appeal arises from an action to determine the rightful ownership of a 63-acre tract of real property located in Gibson County filed by Elmer Elliot, Jr., (Mr. Elliot) in the Chancery Court for Gibson County in April 2008.[1] In his complaint, Mr. Elliot asserted that he is the owner of a one-third undivided interest in the property; that a 1939 order awarding 23 acres of the property to Ruth Word Talbert and 39 acres to Cad Elliot was obtained by either error or fraud; and that named Defendants Pearl Elliot and her son, Robert Elliot (collectively, "the named Defendants"), own a combined two-thirds interest in the property. Mr. Elliot prayed for the 1939 order to be set aside and considered void; for a declaration that he is the owner of a one-third undivided interest in the property; that the deeds to the property be reformed; for partition of the 63-acre tract; for one-third of all rents and profits obtained

---

[1]In June 2008, the trial court entered a consent order consolidating the 2008 action with an action previously commenced by Mr. Elliot in 2005.

from the property, plus interest; and for attorney's fees to be paid from the common fund.

The named Defendants answered in July 2008, asserting that Pearl Elliot is the rightful owner of the property in fee simple. They further asserted ownership by adverse possession and asserted the affirmative defenses of laches; the statute of limitations; the statute of repose; and equitable estoppel. The named Defendants also asserted that Mr. Elliot had failed to plead fraud with specificity or particularity as required by Tennessee Rules of Civil Procedure 9.02. In October 2008, the named Defendants moved for summary judgment, asserting there were no genuine issues of material fact; that Pearl Elliot was the presumed owner under Tennessee Code Annotated § 29-2-109; and that Mr. Elliot's claim was barred under Tennessee Code Annotated § 28-2-110. Mr. Elliot responded and filed a cross-motion for summary judgment in October 2008. In his motion, Mr. Elliot asserted, *inter alia*, that he had not been ousted by the named Defendants and that his claim of ownership was not, therefore, statutorily barred.

Following a hearing in August 2009,[2] the trial court awarded summary judgment to the named Defendants and dismissed "all other motions." The trial court entered its order on January 12, 2010, and Mr. Elliot filed a notice of appeal on January 25, 2010. In his brief to this Court, Mr. Elliot asserts the trial court erred in awarding summary judgment to the named Defendants because a genuine issue of material fact exists with respect to whether Mr. Elliot was ousted from the property.

Upon review of the record, we observe that whether Mr. Elliot was, in fact, ousted from the property remains a disputed issue in this matter. We also note, however, that the style of this cause includes potential "unknown heirs." It does not appear that the trial court has determined whether such heirs exist, or that it has entered an order dismissing Mr. Elliot's claims against the unnamed parties or dismissing the unnamed parties from this lawsuit.[3] The Appellees to this appeal assert that no final judgment has been entered in the trial court, and that we are without jurisdiction to adjudicate this appeal. We agree.

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of

---

[2]It appears that no transcript was generated at the hearing.

[3]The record before us does not reflect whether the trial court appointed a guardian to represent the "unknown heirs" in this matter.

Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *E.g., Zulueta v. Lassiter*, No. M2009-00743-COA-R3-CV, 2009 WL 2589016, at *2-3 (Tenn. Ct. App. Aug. 21, 2009), *perm. app. denied* (Tenn. Mar. 15, 2010). Because the trial court has neither determined that there are no "unknown heirs" nor dismissed Mr. Elliot's claims against them, and because it has not adjudicated Mr. Elliot's claim for attorney's fees, its January 12, 2009, order is not a final judgment.

In light of the foregoing, this appeal is dismissed for the failure to appeal a final judgment. This matter is remanded to the trial court. Costs of this appeal are taxed to the Appellant, Elmer Elliot, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE